**WFS FINANCIAL, INC., Plaintiff—Appellant,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, INC., Defendant—Appellee.**

No. 05–55854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 16, 2007.

Erwin E. Adler, Esq., Adler Law Group, Los Angeles, CA, for Plaintiff–Appellant.

Jennifer Mathis, Ross, Dixon & Bell, Irvine, CA, Samuel L. Hendrix, Esq., Lewis K. Loss, Esq., Thompson, Loss & Judge LLP, Washington, DC, for Defendant–Appellee.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

### MEMORANDUM **

Appellant WFS Financial ("WFS"), an automobile financing company, appeals the district court's dismissal of its complaint for breach of contract, breach of duty of good faith, and declaratory judgment seeking indemnity for two claims made under two successive claims-made policies, both issued by appellant Progressive Casualty Insurance Co., Inc. ("Progressive"). We affirm.

WFS's claims sought indemnity for two separate class action lawsuits alleging that WFS's practice of permitting independent automobile dealers to mark up interest rates based on subjective criteria was discriminatory to minority applicants. The first claim, involving the *Lee* class action in federal court, was made during the first claims-made policy period; the second claim, involving the *Thompson* class action in California state court, was made during the second claims-made policy period.

■ Both policies include the following limitation of liability:

Claims based upon or arising out of the same Wrongful Act or Interrelated Wrongful Acts committed by one or more of the Insured Persons shall be considered a single Claim, and only one Retention and Limit of Liability shall be applicable. However, each such single Claim shall be deemed to be first made on the date the earliest of such Claims

was first made, regardless of whether such date is before or during the Policy Period.

The district court correctly held that WFS's second claim involved an "Interrelated Wrongful Act" to the act set forth in the first claim. Therefore, the second claim was subject to the policy limits of the first policy. "Interrelated Wrongful Acts" are defined as "Wrongful Acts which have as a common nexus any fact, circumstance, situation, event, transaction or series of related facts, circumstances, situations, events or transactions." Although the suits were filed by two different sets of plaintiffs in two different fora under two different legal theories, the common basis for those suits was the WFS business practice of permitting independent dealers to mark up WFS loans. The harms alleged in the two class action suits are causally related and do not present such an "attenuated or unusual" relationship that a reasonable insured would not have expected the claims to be treated as a single claim under the policy. *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal.4th 854, 873, 21 Cal. Rptr.2d 691, 855 P.2d 1263 (1993).

Further, *Homestead Ins. Co. v. Am. Empire Surplus Lines Ins. Co.*, 44 Cal. App.4th 1297, 1304, 52 Cal.Rptr.2d 268 (1996), does not prevent the two claims from being "Interrelated Wrongful Acts" under the policy. *Homestead*, unlike the present case, involved a dispute between two separate insurers on successive years of risk. *See, e.g., Friedman Prof'l Mgmt. Co. v. Norcal Mut. Ins. Co.*, 120 Cal. App.4th 17, 33, 15 Cal.Rptr.3d 359 (2004) (determining that a claim made during a second claims-made policy period could be related to a claim made in the first claims-

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

made policy period where the policies were issued by the same insurer).

██ Finally, WFS contends that the first policy cannot "receive" a claim from a subsequent policy period because the "Interrelated Wrongful Act" language specifies that "each such single Claim shall be deemed to be first made on the date the earliest of such Claims was first made, regardless of whether such date is *before or during* the Policy Period" (emphasis added). Pursuant to the identical language in the provision limiting liability in the second policy, however, the second claim is deemed to have been made *during* the first policy period, which the policy language expressly contemplates.

**AFFIRMED.**